SDD:DMP/AAS/JSC
F.#2014R00196

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -

NOELLE VELENTZAS and
ASIA SIDDIQUI,
     also known as "Najma Samaa"
     and "Murdiyyah,"

            Defendants.

- - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

FILED 4/30/15
CLERK

2015 APR 30 AM 11: 29

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

I N D I C T M E N T

Cr. No. CR 15 - 213
(T. 18, U.S.C., §§ 2332a(a)(2), 842(p)(2)(A),
844(a)(2), 844(c)(1), 981(a)(1)(C),
981(a)(1)(G); 1001(a)(2), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

**JOHNSON, J.**

SCANLON, M.J.

## COUNT ONE
(Conspiracy to Use a Weapon of Mass Destruction)

1.      In or about and between May 2013 and April 2015, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants NOELLE VELENTZAS and ASIA SIDDIQUI, also known as "Najma Samaa"

and "Murdiyyah," without lawful authority, did knowingly and intentionally conspire to use a

weapon of mass destruction, to wit: an explosive device, against persons and property within

the United States, and in furtherance of the offense a facility of interstate and foreign

commerce, to wit: the Internet, was used.

     (Title 18, United States Code, Sections 2332a(a)(2) and 3551 et seq.)

## COUNT TWO
(Teaching and Distributing Information Pertaining to the Making and Use
of an Explosive, Destructive Device, and Weapon of Mass Destruction)

2.      In or about and between May 2013 and April 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NOELLE VELENTZAS and ASIA SIDDIQUI, also known as "Najma Samaa" and "Murdiyyah," together with others, did knowingly and intentionally teach and demonstrate the making and use of an explosive, destructive device, and weapon of mass destruction, and did distribute information pertaining to, in whole and in part, the manufacture and use of an explosive, destructive device, and weapon of mass destruction, with the intent that such teaching, demonstration, and information be used for, and in furtherance of, an activity that constitutes a federal crime of violence, to wit: use of a weapon of mass destruction.

(Title 18, United States Code, Sections 842(p)(2)(A), 844(a)(2), 2 and 3551 et seq.)

## COUNT THREE
(Material False Statements)

3.      On or about July 10, 2014, within the Eastern District of New York, the defendant ASIA SIDDIQUI, also known as "Najma Samaa" and "Murdiyyah," did knowingly and willfully make one or more materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the Federal Bureau of Investigation ("FBI"), where the offense

involved international and domestic terrorism, in that the defendant made the following false statements:

(a) SIDDIQUI falsely stated and represented to FBI Special Agents that she had not contributed writings to or published writings in any jihadist magazines, when in fact, as she then and there well knew and believed, she had written jihadist poetry that was published in a jihadist magazine called Jihad Recollections; and

(b) SIDDIQUI falsely stated and represented to FBI Special Agents that she had not been in contact with Samir Khan, a United States person who had joined and supported the foreign terrorist organization al-Qaeda in the Arabian Peninsula, when in fact, as she then and there well knew and believed, she had been in contact with Khan.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

4.      The United States hereby gives notice to the defendants NOELLE VELENTZAS and ASIA SIDDIQUI, also known as "Najma Samaa" and "Murdiyyah," that, upon their conviction of either of the offenses charged in Counts One and Two, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and (G) and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any property, real or personal, constituting or derived from proceeds traceable to said offenses; and (b) all assets, foreign or domestic: (i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or

4

organization; (ii) acquired or maintained by any person with the intent and for the purpose of

supporting, planning, conducting, or concealing any Federal crime of terrorism against the

United States, citizens or residents of the United States, or their property; (iii) derived from,

involved in, or used or intended to be used to commit any Federal crime of terrorism against

the United States, citizens or residents of the United States, or their property; or (iv) of any

individual, entity or organization engaged in planning or perpetrating any act of international

terrorism against any international organization or against any foreign Government; and 18

U.S.C. § 844(c)(1), which requires the forfeiture of any explosive materials involved or used

or intended to be used in any violation of the provisions of 18 U.S.C. §§ 842(p)(2)(A) or

2332a(a)(2), or any rule or regulation promulgated thereunder.

        5.      If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

                (a)     cannot be located upon the exercise of due diligence;

                (b)     has been transferred or sold to, or deposited with, a third party;

                (c)     has been placed beyond the jurisdiction of the court;

                (d)     has been substantially diminished in value; or

                (e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),
to seek forfeiture of any other property of the defendants up to the value of the forfeitable
property.

(Title 18, United States Code, Sections 844(c)(1), 981(a)(1)(C) and (G); Title

21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_Faith Brunkemach_

FOREPERSON

_Kelly T. C____e_

KELLY T. CURRIE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2014R00196

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of*  NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*NOELLE VELENTZAS and ASIA SIDDIQUI,*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 2332a(a)(2), 842(p)(2)(A), 844(a)(2), 844(c)(1), 981(a)(1)(C), 981(a)(1)(G), 1001(a)(2), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____  *Faith Cambernach*

Foreperson

_____

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

Clerk

_____

*Bail, $* _____

**Jennifer S. Carapiet, Assistant U.S. Attorney (718) 254-6402**