

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP/JSC          *271 Cadman Plaza East*
F. #2014R00196     *Brooklyn, New York 11201*

July 30, 2015


<u>By Hand Delivery and ECF</u>

Sean M. Maher, Esq.
The Woolworth Building
233 Broadway, Suite 801
New York, New York 10279

        Re:     <u>United States v. Noelle Velentzas</u>
                 <u>Criminal Docket No. 15-213 (SJ)</u>

Dear Mr. Maher:

        Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure, which is being produced pursuant to the Stipulation and Order entered by the Court on July 29, 2015.

        The government also requests reciprocal discovery from the defendant. Please contact me if you wish to arrange a time to inspect, copy and/or photograph the evidence and original documents discoverable under Rule 16

I.      <u>The Government's Discovery</u>

       A.     <u>Statements of the Defendant</u>

        The defendant Noelle Velentzas ("Velentzas") was arrested by law enforcement officers on April 2, 2015. A report pertaining to her arrest is attached, bearing Bates numbers Velentzas 000001- 000002. Additionally enclosed are the defendant's arrest log, Bates stamped Velentzas 000003; fingerprint card, Bates stamped Velentzas 000004-000005; Medical Records Release form, Bates stamped Velentzas 000006; and Prisoner Intake form, Bates stamped Velentzas 000007-000011.

        Upon her arrest, Velentzas was transported to FBI offices, where she was read and invoked her <u>Miranda</u> rights. An initialed, unsigned advice of rights form is attached,

Bates stamped Velentzas 002077. A report regarding the event is attached, Bates stamped Velentzas 002231-002232. A video recording of the post-arrest interview is contained as well, bearing Bates number Velentzas 000012.

Other statements by Velentzas are contained in the balance of the discovery material produced and to be produced.

B. The Defendant's Criminal History

At the present time, the government is not aware of any prior criminal history for Velentzas.

C. Documents and Tangible Objects

On April 2, 2015, agents executed a search of Velentzas' residence pursuant to a search warrant. Two reports pertaining to that search are attached, Bates stamped Velentzas 000013 and Velentzas 000014-000016. An inventory of the items seized during this search and the worksheets pertaining to the search are attached, Bates stamped Velentzas 002189-002204. Photographs documenting the search and items seized are included, Bates stamped Velentzas 002078-002188 and Velentzas 002205-002230. All of the physical items seized are available for your review and inspection.

Law enforcement officers also seized the following media objects from Velentzas' residence: LG-MS323 Optimus L70 Cell Phone, LG 695, LG-MS769, Samsung SCH-R360, Kyocera Presto, Blackberry, SD Card and a 500 GB Western Digital Hard Drive (from an Aspire laptop). The contents of these items are available for your review and inspection. If you would like a copy of the contents of any of this media, please provide the government with a 1 terabyte hard drive, and we will arrange for the materials to be loaded onto the hard drive and returned to you.

Also enclosed are federal Grand Jury subpoena returns from the following companies: Amazon, Equifax, Experian, Facebook, Google, MetroPCS, Microsoft, MySpace, Transunion, Tumblr, Twitter, Verizon and Yahoo, bearing Bates stamps Velentzas 000017-002076[1] inclusively.

Velentzas' co-defendant Asia Siddiqui was interviewed on July 11, 2014, after arriving at LaGuardia Airport on a flight from Toronto, Canada. An FBI report pertaining to that interview is enclosed, bearing Bates stamps VS 000280-000281. An audio recording and corresponding draft transcript of Siddiqui's conversations on the same date with an undercover law enforcement officer are included, bearing Bates stamps VS 000001 and VS 000002-000130, respectively. Additionally enclosed are poems authored by Siddiqui, Bates

---

[1] Please note that the documents bearing Bates stamps Velentzas 000026-000027 and Velentzas 000039-000060 have been intentionally left blank. You will find place-marker PDFs on the enclosed disc denoting the same.

stamped VS 000131-000136, as well as the issues of Jihad Recollections in which those poems were published, Bates stamped VS 000137-000206 and VS 000207-000279.

Also on April 2, 2015, agents executed a search of Siddiqui's residence pursuant to a search warrant. An inventory of the items seized during this search and the worksheets pertaining to the search are attached, Bates stamped Siddiqui 000016-000033. Photographs documenting the search are included, Bates stamped Siddiqui 000645-000747. Law enforcement officers also seized the following media objects from Siddiqui's residence: several cell phones including an LG LX370, LG MS323, Siemens model, Nokia model, HTC P4600, Metro PCS 4G 2TE, LG Nexus, Kyocera 3G and a Blackberry. Additionally seized were a Sony cybershot camera, Panasonic video camera, Lenovo Thinkpad Laptop Computer, memory stick, Metro PCS 2TE with keyboard, Canon SD memory card, and a Western Digital external hard drive.

D. Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

E. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.     The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.    Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

KELLY T. CURRIE
Acting United States Attorney

By: /s/ Jennifer S. Carapiet
Jennifer S. Carapiet
Douglas M. Pravda
Alexander A. Solomon
Assistant U.S. Attorneys
(718) 254-7000

Enclosures, bearing Bates stamps Velentzas 000001-002230 , VS 000001-000281 and Siddiqui 000016-000033, 000645-000747

cc: Clerk of the Court (SJ) (by ECF) (without enclosures)